The attorney fee portions of the Orders of Deputy Commissioner Young and Special Deputy Commissioner Cammarano are being reviewed by the Full Commission pursuant to N.C. Gen. Stat. §97-85, upon application of plaintiff appearing pro se.
Deputy Commissioner Young's Order awarded plaintiff's former counsel, Wesley B. Grant, $115.00 per hour for thirty-six hours (36) of professional services rendered to plaintiff. Additionally in that Order, Wesley B. Grant was allowed to withdraw as counsel of record for the plaintiff.
Subsequent to the Order filed by Deputy Commissioner Young, plaintiff's claim became the subject of a Compromise Settlement Agreement that was approved by Special Deputy Commissioner Gina Cammarano on July 1, 1999. The Compromise Settlement Agreement was approved in the amount of $32,000.00. At the time of the Compromise Settlement Agreement, plaintiff was represented by attorney Cecil R. Jenkins. Plaintiff entered into a fee contract with Cecil R. Jenkins for a contingency fee of 25% of the settlement amount. As a result of the Order filed by Deputy Commissioner Young and plaintiff's dispute of the amount of attorney's fees to be awarded, Special Deputy Cammarano ordered that the $8,000 to be awarded in attorneys' fees be held in trust until such time as plaintiff could have a hearing before the Full Commission to resolve the dispute over the amount of attorney's fees ordered paid to Wesley Grant by Deputy Commissioner Young.
 * * * * * * * * * * *
The undersigned have reviewed the prior Orders and the arguments presented by the plaintiff and Attorney Grant. The Full Commission, in their discretion, have determined that the attorney fees awarded are reasonable under the circumstances in this case, due to the nature and extent of services provided.
Therefore, IT IS HEREBY ORDERED that paragraph two of the Order approving the Compromise Settlement Agreement filed on July 1, 1999 is VACATED and shall be replaced by the following:
"A reasonable attorney fee of twenty-five percent of the settlement amount is approved for plaintiff's counsel. This amount shall be deducted from the sum due plaintiff and paid directly to counsel as follows:
1. Attorney Wesley B. Grant shall be paid $4,140.00 for thirty-six (36) hours of professional services rendered to plaintiff.
2. Attorney Cecil R. Jenkins shall be paid $3,860.00 pursuant to a contingency fee contract between plaintiff and Mr. Jenkins."
The remainder of the July 1, 1999 Order shall remain in full force and effect.
This the ______ day of February 2000.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER LKM/jth